

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00016-CR

SHOMARI QUENTIN SHAW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 16-23739

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Shomari Quentin Shaw pled guilty to aggravated assault with a deadly weapon[1] and elected to have his punishment determined by a Coryell County[2] jury. After Shaw pled true to two prior felonies and after a hearing on punishment, Shaw was assessed punishment of sixty-five years' incarceration and a $10,000.00 fine.

Shaw's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Shaw, provided him a copy of the record, and advised Shaw of his right to review the record and file a pro se response. Shaw has filed a response in which he complains that his plea of guilty was ineffective because (1) the trial court did not admonish him in compliance with state and federal requirements, (2) he was mentally incompetent,

[1]*See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

and (3) there was prosecutorial misconduct related to his appeal. He also complains about unspecified deficiencies in the indictment, and the admission of certain evidence, and that his trial counsel was ineffective. After reviewing the record, we find that these points of error are without merit.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record, as well as Shaw's pro se response, and find that no reversible error exists. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Bledsoe* 178 S.W.3d at 826–27.

We affirm the judgment of the trial court.[3]

Ralph K. Burgess
Justice

Date Submitted:     November 2, 2017
Date Decided:       November 7, 2017

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.